UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Norberto Medina-Rodriguez<br><br>    Plaintiff<br><br>v.<br><br>[1] FARMACIA MEDINA, INC.<br><br>[2] FARMACIA MEDINA NUM 2, INC.<br><br>[3] FARMACIA MEDINA NUMERO 3, INC.<br><br>[4] FARMACIA MEDINA 4, INC.<br><br>[5] FARMACIAS MEDINA #5, INC.<br><br>[6] FARMACIA MEDINA 6, INC.<br><br>[7] JOHN DOE<br><br>    Defendant(s) | **CIVIL ACTION** |

**COMPLAINT**

1. This is a civil rights action by plaintiff Norberto Medina Rodriguez ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

   Farmacia Medina
   Villas de Loiza
   Calle 1 Bloque 1
   Loiza PR 00745
   18.380174, -65.872083
    (hereafter "the Facility")



2. Plaintiff seeks injunctive and declaratory relief, attorney fees and costs, against [1] FARMACIA MEDINA, INC. [2] FARMACIA MEDINA NUM 2, INC. [3] FARMACIA MEDINA NUMERO 3, INC. [4] FARMACIA MEDINA 4, INC. [5] FARMACIAS MEDINA #5, INC [6] FARMACIA MEDINA 6, INC., and JOHN DOE, a for-profit corporation(s) incorporated under the laws of Puerto Rico (hereinafter collectively referred to as "Defendant" or "Defendants"), pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA").

## JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## VENUE

5. All actions complained of herein take place within the jurisdiction of the United States District Court for the District of Puerto Rico, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

6. Defendants own, operate, and/or lease the Facility, and consist of a person (or persons), firm, and/or corporation.

7. Plaintiff is a Puerto Rico resident, lives in Carolina, Puerto Rico, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is severely limited or unable to engage in the major life activity of sitting, standing, and walking. Prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA and the Puerto Rico Department of Motor Vehicles issued a permanent handicap permit (No. 2015982 – parking spaces) to the Plaintiff.

## FACTS

8. The Facility is a public accommodation facility, open to the public, which is intended for nonresidential use and whose operation affects commerce. Plaintiff lives in Carolina, Puerto Rico, approximately 18 minutes away from the Facility by motor vehicle. Prior to instituting this action, Plaintiff visited the Facility over two (2) times.

9. Plaintiff visited the Facility and encountered barriers (both physical and intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility. Plaintiff personally encountered the following barriers at the Facility during Plaintiff's visit to the Facility in January 2017, among others. At the time of the filing of this civil action, Plaintiff is personally aware the following barriers at the Facility remain in place and constitute a determent to access:

a) Plaintiff found that the parking space was sloped, making it unnecessarily difficult for Plaintiff to transition from the passenger side of his vehicle to the access aisle, and vice versa.

b) Plaintiff found that the built-up curb ramp projects into the access aisle in violation of Section 4.6.3.  If the parking space is not in the same level as the sidewalk, as here, a curb ramp will be required to access it. One of the most common mistakes that occur with curb ramps is locating them, as here, within the access aisle of the parking space. Access aisles are required to have a 2% slope in all directions. Because the curb ramp at Farmacia Medina is located in the access aisle, there is a violation to Section 4.6.3.

c) The point of sale counter at the Facility was extremely narrow, leaving insufficient room for Plaintiff to use the counters to conduct transactions.

d) The service counter at the Facility was extremely high. Accordingly, Plaintiff feel deterred from conducting any transactions at the service counter.

10. The barriers identified in paragraph 9 herein are only those that Plaintiff personally encountered. It is Plaintiff's intention to have all barriers which exist at the Facility and relate to his disabilities removed to afford his full and equal access. Specifically, Plaintiff is aware of the following barriers which exist at the Facility and relate to his disabilities:

a) This property fails to comply with section with: total number of parking space, ADA Section 208 – Table 208.2. Three purportedly accessible parking spaces are provided for this purpose in the front of the Facility. However, none are ADA compliant and thus, the minimum number of accessible parking spaces is not met.

b) This property fails to comply with: Parking Sign. ADA compliant van-accesible parking signage is inexistent.

c) This property fails to comply with: *Location of accessible parking spaces*. Accessible parking spaces must be located on the shortest accessible route of travel to an accessible facility entrance.

d) A properly configured route of travel is not provided from the purportedly accessible parking spaces to the building entrance.

e) A properly configured accessible route is not provided from the designated accessible parking and public right of way to the designated accessible building entrance.

f) Proper clear floor area is not provided at fire extinguisher.

g) Proper clear floor area and maneuvering space is not provided at receiving counter.

h) Receiving counter exceeds maximum allowable height and is less than the required minimum width.

i) Items on receiving counter (including merchandise placed on counter for pickup by customers) exceed maximum allowable height and depth for side reach.

j) Point of sale counter (prescription drugs area) exceeds maximum allowable height.

k) Items on point of sale counter exceed maximum allowable height and depth for side reach.

l) The purportedly accessible transaction counter (prescription drugs area) exceeds maximum allowable height and is less than the required minimum depth.

    m) Proper identifying signage is not provided at designated accessible exit.

11. Plaintiff was, and continues to be, deterred from visiting the Facility because Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.

12. Plaintiff has knowledge of the barriers described and is currently deterred from patronizing defendant's business due to defendant's failure to comply with the ADA. Plaintiff plans to avail himself of the goods and services offered to the public at the property and will return to the Facility once the barriers are removed. Plaintiff believes that the barriers constitute a deterrent to his use of the facility, because it renders it more difficult for him to enter the facility and avail himself to the goods and services offered to the public at the Facility.

13. Defendants knew, or should have known, that these elements and areas of the Facility were inaccessible, violate federal law, and interfere with (or deny) access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the Facility (without much difficulty or expense), and make the Facility accessible to the physically disabled. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14. At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Facility to remove impediments to wheelchair or walker access and to comply with the 2010 Standards for Accessible Design. Defendants have not removed such impediments and have not modified the Facility to conform to accessibility

standards. Defendants have intentionally maintained the Facility in its current condition and have intentionally refrained from altering the Facility so that it complies with the accessibility standards.

15. Plaintiff further alleges that the (continued) presence of barriers at the Facility is so obvious as to establish Defendants discriminatory intent. On information and belief, Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Facility; conscientious decision to maintain the architectural layout (as it currently exists) at the Facility; decision not to remove barriers from the Facility; and allowance that Defendants' property continues to exist in its non-compliance state. Plaintiff further alleges, on information and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

## CAUSE OF ACTION

### Americans with Disabilities Act of 1990

<u>Denial of "Full and Equal" Enjoyment and Use</u>

16. Plaintiff incorporates the allegations contained in paragraphs 1 through 15.

17. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18. Defendants discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facility during each visit and each incident of deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

19. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

20. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

21. Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22. In the alternative, if it was not "readily achievable" for Defendants to remove the Facility's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

Failure to Design and Construct an Accessible Facility

23. Plaintiff alleges on information and belief that the Facility was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III of the ADA.

24. The ADA also prohibits designing and constructing facilities for first occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25. Here, Defendants violated the ADA by designing and constructing (or both) the Facility in a manner that was not readily accessible to the physically disabled public – including Plaintiff – when it was structurally practical to do so.

### Failure to Make an Altered Facility Accessible

26. Plaintiff alleges on information and belief that the Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

27. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

28. Here, Defendants altered the Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

29. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31. Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for:

A. A declaratory judgment that Defendant is in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant's facilities, as described above, are not fully accessible to, and independently usable by, individuals who use wheelchairs or limited mobility;

B. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendant to take all steps necessary to remove the architectural barriers described above and to bring its facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its facilities are fully accessible to, and independently usable by, individuals who use wheelchairs or individuals with limited mobility, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant's facilities come into compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

C. Payment of costs of suit;

D. Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

E. The provision of whatever other relief the Court deems just, equitable and appropriate.

**RESPECTFULLY SUBMITTED**,

**/S/JOSE CARLOS VELEZ-COLÓN, ESQ.**
**USDC-PR NO.: 231014**
jcvelezcolon@gmail.com

PO BOX 2013
BAYAMON PR 00960

TEL: (787) 599-9003

*Attorney for Plaintiff*