# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

NORBERTO MEDINA-RODRIGUEZ,

**Plaintiff**,

v.

**Civil No.** 17-1672 (FAB)

FARMACIA MEDINA INC., *et al.*,

**Defendants.**

## OPINION AND ORDER

BESOSA, District Judge.

Plaintiff Norberto Medina-Rodriguez ("Medina") commenced this action on May 19, 2017, alleging violations of Title III of the Americans with Disabilities Act ("ADA"). Docket Nos. 1 & 27; see 42 U.S.C. §§ 1201 *et seq*. Defendants Farmacia Medina, Inc. and Farmacia Medina Num. 2, Inc. (collectively, "Farmacia Medina defendants") have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (Docket No. 36.) For the reasons set forth below, the Court **DENIES** defendants' Rule 12(b)(6) motion.

## I. FACTUAL BACKGROUND

The Court takes the following facts as true, as pled in the amended complaint. Assured Guar. Corp. v. Garcia-Padilla, 214 F. Supp. 3d 117, 122 (D.P.R. 2016) (Besosa, J.) (when analyzing 12(b)(6) motions, "the Court accepts a complaint's well-pled facts

as true and views them – and the inferences drawn from them – in a light most favorable to the pleader").

Medina resides in Carolina, Puerto Rico. (Docket No. 1 at p. 2.) Because he suffers from a permanent walking abnormality, Medina's ability to sit, stand, and walk is limited. Id. The Puerto Rico Department of Motor Vehicles issued Medina a permanent handicap permit for accessible parking spaces. Id.

The Farmacia Medina defendants "own, operate, and/or lease" a public establishment located in Loiza, Puerto Rico (hereinafter, "facility"). Id. at p. 1. Medina visited defendants' facility in January 2017. Id. at p. 3. During this visit, Medina encountered four physical barriers: (1) a sloped parking space, making it difficult for Medina to transition from the passenger side of his vehicle to the access aisle, (2) a curb ramp that projected into the access aisle, (3) a narrow sale counter, providing Medina with insufficient room to conduct transactions, and (4) an "extremely high" service counter that deterred Medina from conducting transactions. Id. at pp. 3—4.

Although Medina did not personally encounter additional obstructions, he is aware that eleven additional barriers exist at the facility: (1) not one of the three publically accessible parking spaces in front of the facility is ADA compliant, (2) the facility lacks van accessible parking signage,(3) parking spaces

are not located within the shortest accessible route to the facility, (4) the facility lacks a properly configured route from accessible parking spots to the entrance, (5) the facility lacks a properly configured route from the parking lot and the public right of way to the entrance, (6) a clear floor area is missing from the fire extinguisher location, (7) a clear floor area and maneuvering space is absent from the receiving counter, (8) items located on the receiving counter exceed the maximum allowable height and depth, (9) the point of sale counter exceeds the maximum allowable height, (10) items on the point of sale counter exceed the maximum allowable height and depth for side reach, and (11) the designated accessible exit lacks proper identifying signage. Id. at pp. 5—6.

The barriers that Medina personally encountered, along with those of which he is merely aware, deter him from accessing the facility because of his physical disability. Id. at pp. 3 & 6. Once the Farmacia Medina defendants remove all barriers, Medina will return to the facility. Id. at p. 6. Medina asserts that the Farmacia Medina defendants must eliminate physical barriers where removal is readily achievable, and must construct facilities accessible to disabled individuals whenever alterations to the facility are made. See 42 U.S.C. § 12182; 42 U.S.C. § 12183; (Docket No. 1 at p. 29.) Additionally, Medina contends that these

ADA violations are evidence of intentional disability discrimination. Id. at p. 7.

Medina asserts a single cause of action premised on a violation of Title III of the ADA.[1] Id. at p. 29. According to Medina, the Farmacia Medina defendants failed to: (1) remove architectural barriers in an existing facility, (2) design and construct an accessible facility, (3) make an altered facility accessible, and (4) modify existing policies and procedures. See 42 U.S.C. §§ 12182(a)-(b); (Docket No. 27 at pp. 29—31.) Medina seeks a declaratory judgment holding that the Farmacia Medina defendants violated the ADA, and an additional declaratory judgment holding that Medina is exempt from preliminary screening for complaints filed in *forma pauperis* pursuant to 28 U.S.C. section 1915.[2] (Docket No. 27 at pp. 31 & 32.) Medina also seeks a permanent injunction requiring the Farmacia Medina defendants to

---

[1] Jurisdiction exists in this case pursuant to 28 U.S.C. § 1331 because Medina seeks relief pursuant to the ADA, 42 U.S.C. §§ 1201 *et seq*, a federal statute.

[2] This litigation is one of several cases referred to Magistrate Judge Bruce McGiverin for a report and recommendation to determine whether these actions are frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Docket Nos. 22 and 25; see Carton v. Carroll Ventures, Inc., Case No. 17-0037 (D.N.M. July 10, 2017) (recommending that the district court dismiss as malicious 65 ADA actions commenced by the same plaintiff). Attorney José Carlos Vélez-Colón ("Vélez-Colón") serves as plaintiff's counsel in the actions before Magistrate Judge McGiverin.

remove all ADA noncompliant barriers, and attorney's fees.  Id. at pp. 31—32.

Prior to the amended complaint, the Farmacia Medina defendants moved to dismiss the initial complaint pursuant to Rule 12(b)(6).  (Docket No. 18.)  Rather than oppose the Rule 12(b)(6) motion, Medina filed an amended complaint, rendering moot all dispositive motions regarding the initial complaint.  (Docket Nos. 27 & 39.)  Subsequently, the Farmacia Medina defendants moved to dismiss the amended complaint pursuant to Rule 12(b)(6).  (Docket No. 6.)  In the second motion to dismiss, the Farmacia Medina defendants argue that the amended complaint contains no new factual allegations.  (Docket No. 36.)  The Farmacia Medina defendants thus request that the Court adopt by reference the previous motion to dismiss pursuant to Federal Rule of Civil

Procedure 10(c) ("Rule 10(c)").[3]  Id. at p. 2.  The Court grants the Farmacia Medina defendants' request to adopt the arguments set forth in their initial motion to dismiss.

Medina declined to file an opposition to defendants' second motion to dismiss, seeking "to avoid undue complications to this run-of-the-mill claim under Title III of the ADA."  (Docket No. 38 at p. 1.)  Accordingly, the motion to dismiss is unopposed.

## II. STANDARD OF REVIEW

Pursuant to Rule 12(b)(6), defendants may move to dismiss an action for failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face."  Bell Atl.

---

[3] The Farmacia Medina defendants also request that the Court adopt by reference the previously dismissed motion to dismiss for lack of standing and motion for summary judgment pursuant to Federal Rule of Civil Procedure Rule 56 ("Rule 56").  (Docket Nos. 19 and 20.)  The Court will not adopt these motions.  The arguments raised by the Farmacia Medina defendants in the motion to dismiss for lack of standing relate to matters currently before Magistrate McGiverin; for instance, calling attention to the "number of scattershot suits" filed by Vélez-Colón.  (Docket No. 16 at p. 19.) The Farmacia Medina defendants may move for summary dismissal as to the amended complaint in a separate filing.  The Court notes that the Farmacia Medina defendants failed to attach a statement of uncontested material facts to the summary judgment motion. (Docket No. 20.)  Subsequent motions for summary judgment shall comport with Local Rule 56, requiring that parties include "a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried."  Loc. R. 56(b).

Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court must decide whether the complaint alleges sufficient facts to "raise a right to relief above the speculative level." Id. at 555. In doing so, the Court is "obligated to view the facts of the complaint in the light most favorable to the plaintiffs, and to resolve any ambiguities in their favor." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 17 (1st Cir. 2011). Although "the elements of a *prima facie* case may be used as a prism to shed light upon the plausibility of the claim," it is "not necessary to plead facts sufficient to establish a *prima facie* case" in order to survive a motion to dismiss. Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 54 (1st Cir. 2013). The *prima facie* analysis in a discrimination case is an evidentiary model, not a pleading standard. Id. at p. 51 ("[T]he *prima facie* case is not the appropriate benchmark for determining whether a complaint has crossed the plausibility threshold."). A complaint that adequately states a claim may still proceed even if "recovery is very remote and unlikely." Ocasio-Hernandez, 640 F.3d at 13 (internal quotation marks and citations omitted).

## III. DISCUSSION

The Farmacia Medina defendants challenge the amended complaint on two fronts. First, they argue that the amended complaint alleges a litany of violations pursuant to the ADA

without averring that the Farmacia Medina defendants own the facility. Second, the Farmacia Medina defendants contend that the amended complaint contains no factual allegations that they "could even investigate in order to defend themselves." (Docket No. 18 at p. 6.) Both arguments are unconvincing.

**A.   Factual Allegations that Defendants Own the Facility**

The Farmacia Medina defendants assert that they do not own the facility. (Docket No. 18 at p. 1.) This argument contests the factual validity of the amended complaint. Medina alleges specifically that the Farmacia Medina defendants "own, operate, and/or lease the [f]acility," and that "defendants have possessed and enjoyed sufficient control and authority to modify the [f]acility." (Docket No. 27 at pp. 2 & 6.) In the Rule 12(b)(6) context, "[n]on-conclusory factual allegations in the complaint must be treated as true, even if seemingly incredible." Rocket Learning, Inc. v. Rivera-Sanchez, 851 F. Supp. 2d 384, 389 (D.P.R. 2012) (Besosa, J.) (citation omitted).

The Court will not make factual findings at this stage of the litigation. At the motion to dismiss stage, the Court must accept as true the factual allegations set forth in the amended complaint. Accordingly, the Farmacia defendants assertion that they do not own the facilitate is an insufficient basis upon which to premise dismissal of the amended complaint.

### B. The Amended Complaint Sets Forth Sufficient Factual Allegations

Without citing precedent, the ADA or the Federal Rules of Civil Procedure, the Farmacia Medina defendants cursorily argue that the amended complaint is devoid of factual allegations necessary for them to oppose the Title III cause of action. (Docket No. 18 at p. 6.) The Court disagrees. Indeed, the amended complaint sufficiently sets forth a "short and plain statement of the claim showing that [Medina] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Congress enacted the ADA to "address the major areas of discrimination faced day-to-day by people with disabilities." Dudley v. Hannaford Bros. Co., 333 F.3d 299, 303 (1st Cir. 2003) (quoting 42 U.S.C. § 12101(b)(4)). Title III of the ADA specifically addresses "discrimination by privately operated places of public accommodation." Id.; see also 42 U.S.C. § 12182. Title III states that:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

In order to establish a *prima facie* case pursuant to Title III of the ADA, plaintiffs must demonstrate that (1) he or

she has a qualified disability under the ADA, (2) the defendant operates a place of public accommodation, and (3) the plaintiff was discriminated against as a result of his or her disability. See Powell v. Nat'l. Bd. of Med. Exam'rs, 364 F.3d 79, 85 (2d Cir. 2004); Marradi v. K&W Realty Inv. LLC, 212 F. Supp. 3d 239, 245 (D. Mass. 2016); Disabled Ams. for Equal Access, Inc. v. Compra Hosp. Pavia Inc., Case No. 02-1639, 2004 U.S. Dist. LEXIS 30919, at *6 (D.P.R. Aug. 27, 2004) (Dominguez, J.). The Court examines each of these elements in determining whether Medina has pled sufficient facts to withstand a Rule 12(b)(6) motion to dismiss.

   1.  **ADA Qualified Disability**

When a plaintiff alleges a physical impairment, the Supreme Court employs the three-step Bragdon test to analyze whether that impairment is a qualified disability pursuant to the ADA. See Bragdon v. Abbott, 524 U.S. 624, 631 (1998); see also Ramos-Echevarria v. Pichis, Inc., 659 F.3d 182, 187 (1st Cir. 2011). First, a plaintiff must establish that he or she suffers from a physical or mental impairment. Ramos-Echevarria, 659 F.3d at 187. Second, a plaintiff must demonstrate that his or her impairment affects major life activities of central importance. Id. Major life activities include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, [and] sitting." 29 C.F.R. § 1630.2. Third, a plaintiff

must demonstrate that his or her impairment "substantially limits" that major life activity.  Ramos-Echevarria, 659 F.3d at 187.

In his amended complaint, Medina claims a physical impairment in the form of a permanent walking abnormality due to a leg injury and bone damage.  (Docket No. 27 at p. 2.)  Medina also asserts that because of his walking abnormality, he is unable to sit, stand, and walk.  Id.  In sum, Medina alleges that his impairment substantially limits major life activities.  Id.  Defendants do not dispute that Medina is impaired within the meaning of the ADA.  The Court is satisfied that Medina adequately has alleged that he is an individual with a qualified disability pursuant to the ADA.

### 2. Place of Public Accommodation

The second requirement pursuant to Title III of the ADA is that a defendant "owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).  Pursuant to the ADA, public accommodation encompasses "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment."  42 U.S.C. § 12181(7)(e).  Defendants' Rule 12(b)(6) motion does not address this element of a Title III claim.  Medina, however, avers that the facility falls within the statutory definition of public accommodation because it is "open to the public."  (Docket No. 27 at p. 3.)  Accordingly,

Medina has fulfilled the second requirement by asserting that the property is a place of "public accommodation."

### 3. Discriminated Against

Lastly, an ADA plaintiff must establish that he or she was discriminated against because of his or her disability. 42 U.S.C. § 12182(a). Title III outlines prohibited activities that constitute discrimination. Disability discrimination includes, *inter alia*, "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities [. . .] where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Plaintiffs must demonstrate that the removal of architectural barriers on defendants' property is "readily achievable, *i.e.*, is easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12182(b)(2)(A)(iv); Disabled Ams. for Equal Access, Inc. v. Ferries del Caribe, Inc., 405 F.3d 60, 63 n.5 (1st Cir. 2005). Courts may consider the nature of the ADA violations in determining whether it is plausible that their removal is readily achievable. See Marradi, 212 F. Supp. 3d at 246.

Medina asserts discrimination as a result of defendants' failure to remove architectural barriers. See Docket No. 27 at p. 7. He alleges in the amended complaint that four

physical barriers obstruct access to the facility.  Id. at pp. 3-4.  Moreover, Medina contends that he is aware that an additional eleven barriers exist at the facility.  Id. at pp. 4 & 5.  These barriers, Medina claims, render the building unsafe, deter him from returning, and deprive him of the "ability to use and enjoy the goods, services, privileges and accommodations offered at the [f]acility."  Id. at p. 2.  For each barrier, Medina suggests "possible solutions," such as "relocating [a] ramp" to remedy a noncompliant curb ramp.  Id. at p. 3; Cf. Melo v. S. Broadway Law Realty Tr., Case No. 15-13475, 2016 U.S. Dist. LEXIS 11583 at *2 (D. Mass. Feb. 1, 2016) (denying motion to dismiss even where plaintiff only stated that the removal of twenty-three barriers was readily achievable because that claim was plausible considering the violations).

The burden of providing evidence pertaining to architectural barriers at the facility rests with Medina.  The Court acknowledges that "whether the plaintiff can ultimately carry that burden is not material to the question of whether the complaint has adequately alleged a *prima facie* claim."  Melo, 2016 U.S. Dist. LEXIS 11583 at *2.  After reviewing the allegations concerning the alleged architectural barriers, the Court draws on "its judicial experience and common sense" to determine the plausibility of their removal.  Torres v. Junta de Gobierno de

Servicio de Emergencia, 91 F. Supp. 3d 243, 249 (D.P.R. 2015) (Gelpi, J.) (quoting Iqbal, 556 U.S. at 678-79). For the limited purposes of ruling on the Rule 12(b)(6) motion to dismiss before the Court, the Court finds it plausible that removing the alleged barriers is readily achievable. Because the complaint describes four architectural barriers in violation of the ADA, each of which may be removed plausibly, Medina has pled sufficient facts to bring a Title III ADA claim. Accordingly, the motion to dismiss pursuant to Rule 12(b)(6) is **DENIED.**

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** defendants' 12(b)(6) motion to dismiss. (Docket No. 36.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 20, 2017.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE